## Franklin C. Orton, Stephen A. Foley, impleaded with John H. Starkey v. The City of Lincoln.

1. CITIES AND VILLAGES.—*Authority of Clerk to Receive Dramshop License Money.*—A clerk of a city or village, or city organized under the general law, has, in his official capacity, authority to receive money paid for dramshop licenses.

**Memorandum.**—Action upon a city clerk's bond. In the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Declaration in debt; trial by the court without a jury; finding and judgment for plaintiff; appeal by defendants. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

BEACH & HODNETT, attorneys for appellants.

E. C. Moos and E. D. BLINN, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was debt on the official bond of John H. Starkey, as city clerk, for the term of two years beginning April, 1891.

The appellee recovered a judgment for $795.47, and the main question here, as well as in the former case of Orton and Bock v. the appellee, is whether the clerk was officially authorized to receive money paid for dramshop licenses.

The condition of the bond was the same as in that case.

The same statutory provisions are to be considered, but according to the record, not the same ordinances.

The following ordinances appear:

" Section 1.   The city clerk, before he enters upon the duties of his office, shall take the oath prescribed for other city officers, shall execute a bond to the city of Lincoln in the penal sum of ten thousand dollars, with such sureties as shall be approved by the city council, conditioned for the faithful performance of the duties of his office and the payment of all moneys that may be received by him, according to law and ordinances of said city, which bond shall be filed with the city treasurer."

" Section 3.   It shall be the duty of the city clerk to make a record in suitable books of all licenses issued under the ordinances of the city, entering the name of the person licensed, the date of the license, for what purpose granted, date of expiration, the amount paid, the name of the security on the bond, and in case of vehicles, porters and runners, the number of the same, which shall also be inserted in the license, and a column may be set apart for remarks."

" Section 11.   The city clerk shall exercise a general supervision over all the city officers of the corporation charged in any manner with the receipt, collection or disbursement of corporation revenues and the collection and return of all such revenues into the city treasury.   He shall have the charge, custody and control of all deeds, leases, warrants, contracts, bonds, obligations, vouchers, books and papers of every kind, the custody of which is not herein given to any other officers."

" Section 14.   Said clerk shall open and keep in a neat and methodical manner a complete set of books, in which shall be kept a detailed account of the city revenue and of each separate fund, crediting the same with all receipts or

appropriations, and charging it with all warrants drawn thereon, and he shall charge each warrant to the fund or appropriation against which it was drawn. He shall also keep an accurate account of all debts due from or owing to the city, and shall keep a correct list of all notes or other obligations given by or payable to said city with the date thereof, the person for, to whom, or by whom payable, the rate of interest, the time and manner in which the principal and interest are payable, and such other particulars as may be necessary to the full understanding thereof. Said books and all other contracts, bonds, deeds warrants, vouchers, receipts and other papers kept in said office shall be subject to the examination of the mayor, the members of the city council or any committee thereof."

Whether the other ordinances referred to in the preceding case are still in force does not appear, but, without repeating or restating the views there expressed, we are of opinion that under the ordinances here shown, and the statutory provisions which are applicable in both cases, it may be fairly said that the clerk was not exceeding his official powers when he received the moneys in question.

The judgment will be affirmed.